## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JOSHUA F. PETER, ET AL.,<br><br>                    Plaintiffs,<br><br>      vs.<br><br>FRANCIS GILL, ET AL.,<br><br>                   Defendants. | Superior Court Case No. <u>CV0426-18</u><br><br><br>**DECISION AND ORDER<br>RE MOTION FOR<br>RECONSIDERATION OF<br>PLAINTIFFS' COUNSEL<br>TRIAL DISQUALIFICATION** |

The Court here examines Plaintiffs' Motion for Reconsideration of the Court's December 27, 2018 Decision and Order Re Motion to Disqualify Counsel which disqualified Plaintiffs' attorney, Wayson Wong, from representing his clients at a jury trial in this case.

A court may grant reconsideration of a previous motion when it "(1) is presented with new evidence, (2) committed clear error or the decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Ward v. Reyes*, 1998 Guam 1 ¶ 10. Plaintiffs seek reconsideration based on new evidence concerning Plaintiffs' inability to find a willing trial attorney, the inevitable substantial hardship they will suffer without an attorney at trial and the lack of a jury trial demand by Defendants. Mot. Recons. at 2-9 (June 13, 2019). Defendants argue none of these bases constitute "new evidence" and that Plaintiffs do not present trustworthy sources of evidence. Opp'n at 2-4 (Aug. 9, 2019).

The Court's December 27, 2018 Decision and Order primarily focused on the confusion a jury would experience in observing Wong act as Plaintiffs' counsel while also testifying as a witness. This dual role underlies Guam Rule of Professional Conduct 3.7(a)--prohibiting an

## ORIGINAL

attorney who also testifies at trial from advocating at a trial, unless a substantial hardship exists. *See also* ABA Model Rule 3.7 cmt. (rule's purpose is to mitigate confusion by the jury); *United States v. Edwards*, 154 F.3d 915, 921 (9th Cir. 1998) (policies underlying the application of the advocate-witness rule are related to the concern that jurors will be unduly influenced by the prestige and prominence of the prosecutor's office and will base their credibility determinations on improper factors). The Court further elaborated on the distinction between a trial advocate and a pretrial advocate in its March 6, 2019 Decision and Order re [second] Motion to Disqualify Wayson Wong in Depositions. That second Decision and Order permitted Wong to participate in depositions and continue to act as counsel in pretrial matters.

Since issuing its December 27, 2018 Decision and Order, new circumstances have emerged. In December 2018, no Answer had yet been filed, and thus the time to demand a jury had not yet passed. *See* GRCP 38. The Court at the time relied upon Defendants' representation that they would demand a jury. However, since the Court's December 27, 2018 Decision and Order, Defendants have filed answers to the First Amended Complaint and the Second Amended Complaint, but have never demanded a jury trial. Plaintiffs also have never demanded a jury trial. This failure to demand a jury amounts to a waiver. GRCP 38(d).

With no jury in this case, the Court is the trier of fact. Unlike a jury, this Court will not be confused by Attorney Wong's dual role. The Court has been exposed to most, if not all, evidence concerning the parties' disputes. The Court understands what evidence involves Wong as a witness. It can differentiate between his role and testimony as a witness and his role as an advocate. Because there will be no jury hearing this matter, and therefore no confusion as to Wong's position at trial, and Plaintiffs have a right to select their counsel, Wong's continued disqualification at trial is unnecessary.

ORIGINAL

The Court also finds that Plaintiffs have attempted to unsuccessfully hire a new attorney. Because Plaintiffs have struggled to find a different trial attorney along with their lack of monetary resources, Rule 3.7(a)(3)'s substantial hardship exception has been met.

The Court therefore GRANTS Plaintiffs' Motion for Reconsideration and concludes that Attorney Wong may serve as Plaintiffs' trial attorney.

SO ORDERED this 3rd day of October 2019.

HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

SERVICE VIA COURT
... dge that a copy of the
... reto was placed in the

Wong
Van de veld
10/3/19   Time: 11 am

Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Wayson W. S. Wong for Plaintiffs
Curtis C. Van de veld for Cyfred, Ltd., and Leonard Francis Gill, and Stephanie Mendiola

ORIGINAL